## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NEWFIELD APPALACHIA PA LLC, | ) ) ) | Civil Action No. _____ |
| Plaintiff, | ) ) ) ) | |
| vs. | ) ) | JURY TRIAL DEMANDED_____ |
| DAMASCUS TOWNSHIP, COMMONWEALTH OF PENNSYLVANIA, | ) ) ) ) | [ELECTRONICALLY FILED] |
| Defendant. | ) ) ) ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Newfield Appalachia PA LLC ("Newfield"), by and through its undersigned counsel, K&L Gates LLP, hereby files this complaint for declaratory and injunctive relief.

## NATURE OF THE CASE

1.    Newfield, a natural gas exploration and production company, brings this action for declaratory and injunctive relief as a result of defendant Damascus Township, Commonwealth of Pennsylvania ("Township"), taking administrative action to stop Newfield's ongoing natural gas exploration and development on an approximately 41-acre piece of land located in the Township at Tax Parcel No. 186-37 ("Subject Property").

2.    Newfield obtained several permits from the Pennsylvania Department of Environmental Protection ("DEP") to commence natural gas exploration and development on the Subject Property, as well as upon other property in the Township, and for the last several months has been working diligently in constructing well pads,[1] preparing for test-well drilling, and working with the Township to address any of its concerns and share as much information regarding the drilling project as possible.

3.    After communicating regularly with Township officials, sharing information with Township officials, and inviting Township officials to visit Newfield's operations and gain a first-hand familiarity of the planned activities, the Township was satisfied that the drilling project could go forward, and, significantly, agreed with Newfield that under the Pennsylvania Oil and Gas Act, 58 P.S. §601.101, *et. seq*. ("Oil and Gas Act"), the Township had no authority to enforce the provisions of the Township Zoning Ordinance ("Ordinance") against Newfield due to the preemptive effect of the Oil and Gas Act.  A copy of the Ordinance is attached as Exhibit A.

4.    On or about July 2, 2010, however, the Township's position abruptly changed, as the Township took administrative action to stop the drilling

_____

[1] A well pad is essentially a leveled-off area of, in this case, approximately 1.5 acres, on which drilling rigs sit for the drilling of natural gas wells.  After drilling, the area is reclaimed by re-grading and re-vegetation and is much smaller in size.

project, prevent further drilling-preparation activities on the Subject Property, and require Newfield to obtain zoning approval (*i.e.*, a special-exception permit predicated on number of open-ended conditions)—in clear contravention of the Oil and Gas Act and the Pennsylvania Supreme Court's decision in *Range Resources Appalachia, LLC v. Salem Tp.*, 964 A.2d 869 (Pa. 2009).

5.    Because of the Township's clear violation of law and the disruption that its actions have caused to Newfield's operations, Newfield files this action, seeking, among other things, declaratory, preliminary, and permanent injunctive relief to, among other things, enjoin the Township from interfering with Newfield's operations on the Subject Property by attempting to enforce its Ordinance, and to declare the Township's invocation of its Ordinance to be preempted by the Oil and Gas Act, and otherwise unconstitutional and unenforceable.

## JURISDICTION AND VENUE

6.    This Court has diversity jurisdiction to adjudicate Newfield's claims under 28 U.S.C. §1332, as the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  Further, the Court has the authority to declare the rights of the parties to the action under 28 U.S.C. §§2201 and 2202.

7.    The Middle District of Pennsylvania is a proper venue for this action under 28 U.S.C. §1391(b) because the Township resides in the district, all

events giving rise to the claims occurred in the district, and the Subject Property is situated in the district.

## PARTIES

8.    Plaintiff Newfield Appalachia PA LLC is a limited liability company organized under the laws of the state of Delaware with its principal place of business at 363 N. Sam Houston Parkway, E. Suite 100, Houston, Texas 77060.

9.    Defendant Damascus Township, Commonwealth of Pennsylvania, is a Second Class township located in Wayne County, Pennsylvania and is governed by the laws of the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

A.    **Newfield's Operations on the Subject Property**

10.    Newfield is a natural gas exploration and production company, and since mid-2009, has focused exploration efforts on accessing Marcellus Shale on about 80,000 gross acres primarily located in Wayne County, Pennsylvania.

11.    To that end, Newfield entered into lease agreements covering the Subject Property, whereby it holds valuable leasehold interests in the natural-gas rights in the Subject Property.

12.    In the spring of 2010, Newfield began preparations for commencing the construction of two to four vertical geological test wells on the Subject Property, as well as upon other property in the Township.

13.    The test wells are part of Newfield's initial evaluation of the natural gas reserves in the area, and in order to drill those wells, Newfield is required to build well pads and engage in other activities in preparation for drilling.

14.    In preparation for the construction of the well pads and test wells, Newfield, in compliance with the Oil and Gas Act and other DEP regulations, applied for and obtained from the DEP various permits ("DEP Permits"), which permitted it to develop its leasehold interests in the natural gas rights in the Subject Property and other property in the Township.  A copy of the DEP well permit for the Subject Property is attached as Exhibit B.

**B.    Newfield Cooperates with the Township, and the Township Agrees that It Has No Authority to Enforce Its Ordinance Against Newfield**

15.    Though not required by law, as a display of good faith, Newfield, during the Spring of 2010, opened a dialogue with the Township with respect to its operations on the Subject Property.

16.    By way of example, on May 21, 2010, representatives from Newfield met with Township officials, including the Township's solicitor, and explained the step-by-step development process, including the safeguards to be implemented for the protection of the public's safety and the environment.

17.    During the May 21, 2010, meeting, Newfield's representatives explained to Township officials that the Oil and Gas Act prescribed the regulatory scheme for the development of the land and that the Ordinance, to the extent that it

applied to the preparation for and extraction of natural gas, would be preempted by the Oil and Gas Act.

18.    The Township agreed with Newfield that under the Oil and Gas Act, it had no authority to enforce its Ordinance against Newfield due to the preemptive effect of the Oil and Gas Act.

19.    As a result, at the conclusion of the May 21, 2010, meeting, the Township understood that Newfield would be proceeding immediately with the construction of the well pads.  Further, Newfield, though not required by law but as a sign of good faith, agreed to provide the Township with additional information, such as the DEP Permits, road-use documents, and other safety information.

20.    On May 28, 2010, Newfield's counsel sent a letter to the Township's solicitor, providing the Township with additional information.  A copy of this letter is attached as Exhibit C ("Letter").

21.    In the Letter, Newfield's counsel explained that the Ordinance is preempted by the Oil and Gas Act.

22.    Further, in the Letter, Newfield's counsel provided the Township with additional information, including information regarding the security of the Subject Property, the maintenance of the roads adjacent to the Subject Property, and additional documents that Newfield would soon provide to

the Township (*i.e.*, a PPC plan, roadway agreements and permits, 911 information, and an erosion and sedimentation control plan).

23.     Further, in the Letter, Newfield suggested holding a public meeting to discuss the matter, and encouraged Township officials to visit the Subject Property.    This meeting occurred on June 21, 2010, at which representatives from Newfield were present to explain its operation to the Township elected officials and the public present at the meeting.  The Township adopted the road maintenance agreement proposed by Newfield whereby the Township's roadways utilized by Newfield in its operations would be well maintained at Newfield's sole expense.    This was completely voluntary by Newfield and far exceeded what could have been required of Newfield under existing Township ordinances.

24.     Based on its communications with the Township and with the Township's full knowledge, Newfield commenced construction of the well pad on the Subject Property, and engaged in other activities to prepare for drilling on the Subject Property.

25.     By the beginning of July 2010, Newfield had completed construction of the well pad on the Subject Property, was engaging in erosion and sedimentary control work, and was planning on moving drilling equipment on to the Subject Property to commence drilling on or around July 12, 2010.

**C.    The Township Abruptly Changes Its Position and Takes Administrative Action to Prevent Further Development of the Subject Property**

26.    On or about July 2, 2010, despite the Township previously agreeing that the application of its Ordinance to Newfield was preempted by the Oil and Gas Act, the Township abruptly changed its position, and took administrative action to stop the drilling project.

27.    Specifically, on July 2, 2010, the Township, through its code enforcement officer, delivered to Newfield an administrative order, which was titled, "Enforcement Notice—Notice of Violation  Stop Work/Cease and Desist Order" ("Order").  A copy of the Order is attached as Exhibit D.

28.    The Order commands Newfield to "stop all work" on the Subject Property, and immediately provides for, among other things, a fine of up to $500 per day for a continuing violation of the Order.

29.    The Order states that Newfield violated the Ordinance by failing to obtain the appropriate zoning permit, as required under Sections 422.4 and 602 of the Ordinance.

30.    The Order further states that Newfield is to apply for a zoning permit and request and attend a special-exception public hearing before the zoning hearing board.

31.    The Township's justification for taking administrative action to stop the drilling project is its assertion that Newfield was required to first obtain

special-exception approval under Sections 422, 602, and 608 of the Ordinance before the drilling of its test wells.

32.    Section 422 of the Ordinance imposes a series of conditions, including conditions regarding the technical aspects of drilling operations, such as the permissible area for and duration of drilling operations.

33.    Section 422.7 includes a "catch-all" provision, which when read together with the broad criteria of Sections 602 and 608, gives the Township the ability to withhold special-exception approval based on any "environmental, community and other public health, safety and welfare effects of the proposed operation." *See* Ordinance §422.7 ("In addition the applicant shall submit all other information required to enable the Township to assess the environmental, community and other public health, safety and welfare effects of the proposed operation. ***The findings of the Township based on this information shall serve as a basis for the establishment of conditions of approval in accord with Section 608 of this Ordinance*** . . . .") (emphasis added).

34.    In other words, the Ordinance gives the Township *carte blanche* to withhold special-exception approval based on the very same environmental and safety considerations expressly governed by the Oil and Gas Act.

35.    Notwithstanding the issuance of the Order, also on or about July 2, 2010, the DEP informed Newfield that it should continue with its ongoing erosion and sedimentary control work on the Subject Property, thus underscoring the obvious conflicting actions between the DEP and the Township.

## LEGAL CLAIMS

### COUNT I—Oil and Gas Act Preemption

36.    Newfield realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

37.    The Ordinance regulates oil and natural gas operations in a manner expressly and implicitly preempted by the Oil and Gas Act, which provides that no ordinances or enactments adopted by the Township may contain provisions that impose conditions, requirements, or limitations on the same features or that seek to accomplish the same purposes of oil and natural gas well operations regulated by the Oil and Gas Act.  *See* 58 P.S. § 601.602.

38.    The Ordinance contains provisions, including those set forth above, which impose numerous conditions, requirements, and limitations on the same features or accomplish the same purposes of oil and natural gas operations regulated under authority of the Commonwealth by the DEP and, as such, is expressly preempted.  *See* 25 Pa. Code §§ 78.1 – 78.314.

39.     The Ordinance further attempts to regulate development of oil and natural gas, a field that is comprehensively and completely regulated under authority of the Commonwealth by the DEP and, as such, is expressly and impliedly preempted.

40.     The Ordinance requires pre-approval from the Township before commencement of any drilling operations, even where authorization to engage in such operations has been granted by the Commonwealth through the DEP under the authority of the Oil and Gas Act and, as such, is in direct conflict with the laws of the Commonwealth, and therefore preempted.

41.     Based on the foregoing, Newfield has a clear entitlement to the relief it seeks and is likely to prevail on the merits of its claim, given that the Ordinance is preempted because it regulates the development of oil and natural gas production that is both expressly and impliedly preempted by the Oil and Gas Act.

42.     Unless and until the Township is preliminarily and permanently enjoined from enforcing the Ordinance, the Ordinance will subject Newfield to unnecessary, unreasonable, and prohibitively burdensome requirements, irreparably harming Newfield and estate owners by effectively preventing them from exercising valid property rights, and by subjecting them to clear violations of law.

43.    By contrast, the Township will suffer no irreparable harm. Because the Ordinance regulates activities relating to oil and natural gas production, which are exclusively and appropriately regulated by the Commonwealth of Pennsylvania, the Township will suffer no harm should it be enjoined.

44.    Indeed, greater injury to the public interest will occur if Newfield's request for injunctive relief is denied.  Not only will Newfield be prevented from exercising its property rights, but other estate owners will likewise be prevented from benefiting from oil and natural gas development related to their property.  Moreover, the Ordinance will have a harmful impact upon the public interest in the Township and the Commonwealth of Pennsylvania by limiting availability of and increasing the cost of producing energy resources, thereby causing increased costs to the consumer.

45.    Newfield has no adequate remedy at law because, unless the Court enjoins enforcement of the Ordinance, it will suffer damages as a result of the Ordinance that are impossible to quantify.

**WHEREFORE**, Newfield hereby demands the following declaratory, equitable, and other relief against the Township: (a) a declaration that the Order and the Ordinance, as applied to Newfield, is preempted by the Oil and Gas Act; (b) a declaration that the Order and any other administrative actions taken by the

Township against Newfield to stop the drilling project are illegal, invalid, and unenforceable; (c) preliminary and permanent injunctions, enjoining the Township (including any persons within the Township's control or acting on its behalf) from enforcing the Order and the Ordinance and taking any actions that attempt to stop and/or interfere with Newfield's drilling project or are inconsistent with the Oil and Gas Act and Newfield's DEP-approved permitted drilling project on the Subject Property; (d) a hearing on Newfield's motion for preliminary injunction; and (e) such other legal and equitable relief as this Court may deem just and proper.

## COUNT II—Violation of Due Process

46.    Newfield realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

47.    Newfield and other estate owners have constitutional property rights to develop their interests in oil and natural gas located within the Township.

48.    The Ordinance is unreasonable and arbitrary, and exceeds the authority granted the Township by the Second Class Township Code and the Municipalities Planning Code because, among other reasons: (i) it arbitrarily applies to mineral extraction; (ii) provides open-ended conditions that do not in any respect limit the Township's discretion in making zoning decisions; and (iii) is not substantially related to any legitimate Township purpose.

49.    The Township's purpose is to discourage oil and natural gas development, as evidenced, in part, by the Township taking administrative action to stop the drilling project after it had previously agreed that it lacked the authority to regulate Newfield's drilling project.

50.    The rights of Newfield and estate owners outweigh any purported public interest asserted by the Township.  Moreover, the Ordinance will have a harmful impact upon the public interest in the Township and the Commonwealth of Pennsylvania by limiting availability of and increasing the cost of producing energy resources, thereby causing increased costs to the consumer.

51.    The Ordinance effectively prohibits the development of oil and natural gas within the Township, and their requirements are not rationally related to its purported purpose.

52.    Moreover, the Ordinance allows the Township to withhold written authorization to commence development of those property interests, even where such authorization has been granted under authority of the Commonwealth of Pennsylvania by the DEP, thereby depriving Newfield and other estate owners of property rights.

53.    Therefore, the Ordinance is constitutionally invalid because it deprives Newfield and estate owners of property rights without due process of law.

54.    Based on the foregoing, Newfield has a clear entitlement to the relief it seeks and is likely to prevail on the merits of its claim, given that the Ordinance exceeds the Township's authority and is therefore violative of Newfield's constitutional rights.

55.    Unless and until the Township is preliminarily and permanently enjoined from enforcing the Ordinance, the Ordinance will subject Newfield to unnecessary, unreasonable, and prohibitively burdensome requirements, irreparably harming Newfield and other estate owners by effectively preventing them from exercising valid property rights, and by subjecting them to clear violations of law.

56.    By contrast, the Township will suffer no irreparable harm. Because the Ordinance regulates activities relating to oil and natural gas production, which are exclusively and appropriately regulated by the Commonwealth of Pennsylvania, the Township will suffer no harm should it be enjoined.

57.    Indeed, greater injury to the public interest will occur if Newfield's request for injunctive relief is denied.  Not only will Newfield be prevented from exercising its property rights, but other estate owners will likewise be prevented from benefiting from oil and natural gas development related to their property.  Moreover, the Ordinance will have a harmful impact upon the public

interest in the Township and the Commonwealth of Pennsylvania by limiting availability of and increasing the cost of producing energy resources, thereby causing increased costs to the consumer.

58.    Newfield has no adequate remedy at law because, unless the Court enjoins enforcement of the Ordinance, it will suffer damages as a result of the Ordinance that are impossible to quantify.

**WHEREFORE**, Newfield hereby demands the following declaratory, equitable, and other relief against the Township: (a) a declaration that the Order and the Ordinance, as applied to Newfield, is invalid and violative of the due-process provisions of the Pennsylvania and United States Constitutions; (b) a declaration that the Order and any other administrative actions taken by the Township against Newfield to stop the drilling project are illegal, invalid, and unenforceable; (c) preliminary and permanent injunctions, enjoining the Township (including any persons within the Township's control or acting on its behalf) from enforcing the Order and the Ordinance and taking any actions that attempt to stop and/or interfere with Newfield's drilling project or are inconsistent with the Oil and Gas Act and Newfield's DEP-approved permitted drilling project on the Subject Property; (d) a hearing on Newfield's motion for preliminary injunction; and (e) such other legal and equitable relief as this Court may deem just and proper.

## COUNT III—Regulatory Taking

59.    Newfield realleges each of the foregoing paragraphs of this Complaint as if set forth fully herein.

60.    The Ordinance unreasonably restricts the property rights of Newfield.

61.    By allowing the Township to withhold authorization to engage in drilling activities even where such authorization has been granted under authority of the Commonwealth by the DEP, and by imposing requirements that are prohibitively difficult, expensive and/or unnecessarily duplicitous and burdensome, the Ordinance destroys Newfield's property rights by prohibiting or effectively eliminating the economic viability of production within the Township. Moreover, the Ordinance also destroys the property rights of estate owners by effectively eliminating any opportunity to benefit economically from financial and other benefits associated with oil and natural gas production related to their property.

62.    The Ordinance has wholly deprived Newfield of these property rights without just compensation, in violation of Article I, Section 10 of the Pennsylvania Constitution, and the Fifth and Fourteenth Amendments of the United States Constitution.    Further, the application and enforcement of the

Ordinance have caused and will continue to cause significant harm and damages to Newfield.

63.    Based on the foregoing, Newfield has a clear entitlement to the relief it seeks and is likely to prevail on the merits of its claim, given that the Ordinance exceeds the Township's authority and is therefore violative of Newfield's constitutional rights.

64.    Unless and until the Township is preliminarily and permanently enjoined from enforcing the Ordinance, the Ordinance will subject Newfield to unnecessary, unreasonable, and prohibitively burdensome requirements, irreparably harming Newfield and other estate owners by effectively preventing them from exercising valid property rights, and by subjecting them to clear violations of law.

65.    By contrast, the Township will suffer no irreparable harm. Because the Ordinance regulates activities relating to oil and natural gas production, which are exclusively and appropriately regulated by the Commonwealth of Pennsylvania, the Township will suffer no harm should it be enjoined.

66.    Indeed, greater injury to the public interest will occur if Newfield's request for injunctive relief is denied. Not only will Newfield be prevented from exercising its property rights, but other estate owners will likewise

be prevented from benefiting from oil and natural gas development related to their property.  Moreover, the Ordinance will have a harmful impact upon the public interest in the Township and the Commonwealth of Pennsylvania by limiting availability of and increasing the cost of producing energy resources, thereby causing increased costs to the consumer.

67.    Newfield has no adequate remedy at law because, unless the Court enjoins enforcement of the Ordinance, it will suffer damages as a result of the Ordinance that are impossible to quantify.

**WHEREFORE**, Newfield hereby demands the following declaratory, equitable, and other relief against the Township: (a) a declaration that the Order and the Ordinance, as applied to Newfield, is invalid and violative of the takings provisions of the Pennsylvania and United States Constitutions; (b) a declaration that the Order and any other administrative actions taken by the Township against Newfield to stop the drilling project are illegal, invalid, and unenforceable; (c) preliminary and permanent injunctions, enjoining the Township (including any persons within the Township's control or acting on its behalf) from enforcing the Order and the Ordinance and taking any actions that attempt to stop and/or interfere with Newfield's drilling project or are inconsistent with the Oil and Gas Act and Newfield's DEP-approved permitted drilling project on the Subject Property; (d) a hearing on Newfield's motion for preliminary injunction; (e)

damages, to the extent that they can be quantified, for just compensation for the taking; and (f) other legal and equitable relief as this Court may deem just and proper.

**A TRIAL BY JURY IS HEREBY DEMANDED.**

Respectfully submitted,

s/ George A. Bibikos
George A. Bibikos (Pa. 91249)
K&L Gates LLP
17 North Second Street, 18th Floor
Harrisburg, Pennsylvania 17101
Telephone:  717-231-4500
Facsimile:   717-231-4501
george.bibikos@klgates.com

*Of Counsel*:
Walter A. Bunt (Pa. 36738)
Mark D. Feczko (Pa. 73827)
J. Nicholas Ranjan (Pa. 93121)
K&L Gates LLP
K&L Gates Center
210 Sixth Avenue
Pittsburgh, Pennsylvania  15222
Telephone:  412-355-6500
Facsimile:   412-355-6501
walter.bunt@klgates.com
mark.feczko@klgates.com
nicholas.ranjan@klgates.com

Dated: July 6, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 6, 2010, I caused a copy of the foregoing Complaint for Declaratory and Injunctive Relief to be served electronically and by U.S. mail on the following:

> Jeffrey Treat, Esq.
> Solicitor, Damascus Township
> 926 Court Street
> Honesdale, PA 18431
> jstreat@ptd.net

> s/ George A. Bibikos